**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Nasca,<br><br>           Plaintiff,<br><br>v.<br><br>Unknown Party, et al.,<br><br>           Defendants. | No. CV-17-02861-PHX-DLR<br><br>**ORDER** |

Before the Court is Defendant Verizon Wireless (VAW), LLC's ("Verizon") Motion to Stay and Compel Arbitration. (Doc. 13.) The motion is fully briefed. (Docs. 15, 18.) For the following reasons, Verizon's motion is granted.

**I. Background**

Plaintiff Joseph Nasca has been a customer of Verizon, a nationwide telephone service provider, since 2001. (Doc. 13-1 ¶ 4.) When Nasca upgraded his cellular devices in January 2016 and June 2017, he agreed to the Verizon Wireless Customer Agreement ("Agreement"). (*Id*.) The Agreement included an arbitration provision, which in relevant part stated: "I AM AGREEING TO . . . SETTLEMENT OF DISPUTES BY ARBITRATION AND OTHER MEANS INSTEAD OF JURY TRIALS. . . ." (*Id*. at 6.) The arbitration provision is highlighted in the Customer Agreement receipt above the signature line, and is set out in bold and capital letters in the Agreement itself. (*Id*.)

In July 2017, Nasca contacted Verizon's customer service department to get

technical support for his cell phone. (Doc. 5 ¶ 10.) An unknown Verizon technical support representative, named in the complaint as Defendant JD, was assigned to help Nasca. (*Id.* ¶ 11.) JD allegedly accessed Nasca's personal files, pictures, and information from Nasca's phone without his authorization. (*Id.* ¶ 13.) Since then, Nasca has experienced problems with his cell phone and was the victim of an attempted identity theft, which he seems to attribute to JD's unauthorized actions. (*Id.* ¶ 15.)

In August 2017, Nasca filed a two-count complaint against JD. (Doc. 1.) He amended his complaint in October 2017 to add Verizon as a defendant. (Doc. 5.) On December 13, 2017, Verizon filed its answer, which asserted arbitration as an affirmative defense. (Doc. 11 ¶ 37.) Shortly thereafter, on December 22, 2017, Verizon filed the instant motion to stay this action and compel arbitration. (Doc. 13.)

**II. Legal Standard**

The Federal Arbitration Act ("FAA") provides that written agreements to arbitrate disputes arising out of transactions involving interstate commerce "shall be valid, irrevocable, and enforceable except upon grounds that exist at common law for the revocation of a contract." 9 U.S.C. § 2. This provision reflects a "liberal federal policy favoring arbitration." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011). The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original). Arizona has an analogous arbitration statute, which has been interpreted similarly to the FAA. A.R.S. § 12-1501; *Stevens/Leinweber/Sullens, Inc. v. Holm Dev. & Mgmt., Inc.*, 795 P.2d 1308, 1311 n.3 (Ariz. Ct. App. 1990).

Under both the FAA and Arizona law, the Court's role is to answer two gateway questions: (1) does a valid agreement to arbitrate exist, and (2) does the agreement encompass the dispute at issue. *Chiron Corp. v. Ortho Diagnostic Sys., Inc*., 207 F.3d 1126, 1130 (9th Cir. 2000); *Stevens/Leinweber/Sullens, Inc.,* 795 P.2d at 1311 n.3. If

both questions are answered in the affirmative, the court must compel arbitration.

**III. Discussion**

Nasca does not dispute that he signed the Agreement, that the Agreement contains an otherwise valid arbitration clause, and that the arbitration agreement encompasses the dispute at issue. He nonetheless argues that the Court should deny Verizon's motion because Verizon waived its right to arbitration. "The right to arbitration, like other contractual rights, can be waived." *Martin v. Yasuda*, 829 F.3d 1118, 1124 (9th Cir. 2016). "Because waiver of the right to arbitrate is disfavored, any party arguing waiver of arbitration bears a heavy burden of proof." *Id.* (internal quotation and citation omitted). The party asserting that there has been a waiver must demonstrate: "(1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." *Id.* Nasca does not dispute that both parties had knowledge of an existing right to compel arbitration. The Court therefore limits its analysis to whether Verizon acted inconsistent with that right and, if so, whether Verizon's actions prejudiced Nasca.

**A. Verizon did not Act Inconsistently with its Right to Arbitration**

Although there is no bright-line test for determining whether a party acted inconsistently with its right to arbitrate, the Ninth Circuit has identified some relevant considerations. *Id.* at 1125. For example, "a party's extended silence and delay in moving for arbitration may indicate a conscious decision to continue to seek judicial judgment," of the claims, "which would be inconsistent with a right to arbitrate." *Id.* (internal quotations and citation omitted). Relatedly, a party that reserves its right to arbitration must assert that right within a reasonable time. *Id.* A party that actively litigates a claim and delays moving to compel arbitration may be deemed to have waived the right. *Van Ness Townhouses v. Mar Indus. Corp.,* 862 F.2d 754, 759 (9th Cir. 1988).

Nasca argues that Verizon acted inconsistently with its right to arbitration in two ways, neither of which is persuasive. First, Nasca contends that Verizon told him he

could not obtain a recording of the conversation between him and JD without a subpoena. (Doc. 15 at 3.) The mere fact that Verizon will not release records without a subpoena does not mean that it has waived its right to arbitrate claims asserted against it. Moreover, "[t]he issuance of subpoenas is expressly authorized in arbitration proceedings." *Lane v. City of Tempe*, 44 P.3d 986, 989 (Ariz. 2002); *see* 9 U.S.C. § 7.

Second, Nasca argues that Verizon acted inconsistently with its right to arbitrate by filing an answer to the complaint. (Doc. 15 at 3.) Verizon, however, explicitly alleged the existence of the arbitration provision as an affirmative defense. (Doc. 11 ¶ 37). Further, Verizon moved to compel arbitration a mere nine days after filing its answer. (Doc. 13.) Nine days is not the type of protracted silence or delay indicative of waiver. *See On v. Stephen Vannucci, M.D., Inc.*, No. 2:14-cv-02714-TLN-CMK, 2018 WL 489157, at *4 (E.D. Cal. Jan. 19, 2018) (asserting binding arbitration as an affirmative defense in the answer and subsequently filing a motion to compel within four months is consistent with right to arbitrate); *Pinto v. USAA Ins. Agency Inc. of Texas*, 275 F. Supp. 3d 1165, 2017 WL 3172871, at *5 (D. Ariz. July 26, 2017) (moving to compel arbitration one month after removal to federal court did not constitute an unreasonable delay). For the forgoing reasons, the Court finds that Verizon has not acted inconsistently with its right to arbitrate.

**B. Verizon did not Prejudice Nasca by its Actions**

Even assuming that Verizon acted inconsistently with its right to arbitrate, Nasca has not been prejudiced. "[C]ourts are reluctant to find prejudice to the plaintiff who has chosen to litigate, simply because the defendant litigated briefly . . . before moving to compel arbitration." *Brown v. Dillard's*, 430 F.3d 1004, 1012 (9th Cir. 2005).

> To prove prejudice, plaintiffs must show more than "self-inflicted" wounds that they incurred as a direct result of suing in federal court contrary to the provisions of an arbitration agreement. Such wounds include costs incurred in preparing the complaint, serving notice, or engaging in limited litigation regarding issues directly related to the complaint's filing, such as jurisdiction or venue. In contrast, in order to establish prejudice, the plaintiffs must show that, as a result of the defendants having delayed seeking arbitration, they have incurred costs that they would not otherwise have incurred,

> that they would be forced to relitigate an issue on the merits on which they have already prevailed in court, or that the defendants have received an advantage from litigating in federal court that they would not have received in arbitration.

*Martin*, 829 F.3d at 1126 (citations omitted).

Nasca argues that he has been prejudiced by Verizon's actions because he incurred "attorneys' fees, services fees and filing fees." (Doc. 15 at 3.) There are precisely the types of "self-inflicted wounds" that are not considered prejudicial. The expenses Nasca incurred are a result of his own deliberate choice to file suit in this Court, contrary to the terms of the Agreement. *See Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 698 (9th Cir. 1986) ("Any extra expense incurred as a result of the [plaintiffs'] deliberate choice of an improper forum, in contravention of their contract, cannot be charged to [the defendant]"). Nasca also contends that he incurred "significant expenses and lost significant time" because this matter has been pending for over five months. (Doc. 15 at 3.) Verizon, however, was added as a defendant in October 2017, and it filed the instant motion a mere two months later. During this time, Verizon did not actively litigate this matter. Instead, the parties stipulated to a stay of discovery pending disposition of the motion to compel. (Docs. 16-17.) Nasca has not been prejudiced in any meaningful sense.

**IV. Conclusion**

For the foregoing reasons, the Court finds that the Nasca and Verizon are parties to a valid agreement to arbitrate, Verizon has not waived that right, and the arbitration agreement encompasses the dispute at issue. Accordingly,

//
//
//
//
//
//

1    **IT IS ORDERED** that Verizon's Motion to Stay and Compel Arbitration (Doc. 13) is **GRANTED**. The Clerk is directed to close this case, whereupon, by proper motion of the prevailing party at arbitration, it may be reopened or dismissed with prejudice.

Dated this 8th day of March, 2018.

_____
Douglas L. Rayes
United States District Judge